**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0334n.06

**No. 08-3288**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 02, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| BRIAN D. HENLEY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TIM BRUNSMAN, Warden | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**Before: MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner-appellant Brian D. Henley appeals *pro se* the district court's dismissal of his petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Of the multiple grounds for relief claimed in the petition, only one is at issue in this appeal: Henley's claim that his appellate counsel was constitutionally ineffective for failing to argue that his trial counsel erred in not objecting to Henley's sentence as violating *Blakely v. Washington*, 542 U.S. 296 (2004). For the following reasons, we affirm the district court's decision.

**I.**

The underlying facts, as recounted in the Magistrate Judge's Report and Recommendation, are undisputed. *Henley v. Moore*, No. 07-cv-031, 2007 WL 4884107 (S.D. Ohio June 27, 2007). On September 28, 2004, Henley was convicted by a jury in Montgomery County, Ohio of one count of kidnapping, four counts of rape, two counts of felonious assault, and one count of attempted

felonious assault. *Id*. at *2. On October 29, 2004, the state trial court sentenced him to a total prison term of twenty-two years and found him to be a sexual predator. *Id*. At the sentencing hearing, the court made findings on the record supporting greater than minimum sentences, consecutive sentences, and maximum sentences. *Id*.

On November 18, 2004, Henley timely sought review by the Second District Court of Appeals, Montgomery County, Ohio challenging the trial court's evidentiary rulings, sexual predator designation, and the sufficiency of the evidence supporting his convictions. He also argued that his sentence violated *Blakely*. On November 18, 2005, the state appellate court affirmed Henley's convictions. *State v. Henley*, No. 20789, 2005 Ohio App. LEXIS 5531 (Ohio Ct. App. Nov. 18, 2005). That court refused to consider the *Blakely* claim because Henley had not raised it at his sentencing. *Id*. at **22 (citing *State v. Austin*, No. 20445, 2005 Ohio App. LEXIS 1043 (Ohio Ct. App. Mar. 11, 2005)). On December 7, 2005, Henley *pro se* appealed to the Ohio Supreme Court and on March 8, 2006, that court declined to hear the case. *State v. Henley*, 846 N.E.2d 536 (Ohio 2006). Henley unsuccessfully sought a writ of *certiorari* from the United States Supreme Court. *Henley v. Ohio*, 549 U.S. 912 (2006). On January 31, 2006, he moved to reopen his appeal in the Ohio Court of Appeals based on the ineffectiveness of his appellate counsel in failing to raise trial counsel's ineffectiveness at sentencing. On April 10, 2006, that court found that Henley's appellate counsel was not ineffective and denied his motion. On July 5, 2006, the Ohio Supreme Court dismissed Henley's subsequent appeal from that decision. *See State v. Henley*, 850 N.E.2d 73 (Ohio 2006). Henley was also unsuccessful in pursuing an ineffective assistance of trial counsel claim through a post-conviction petition in the state trial court.

On January 31, 2007, Henley filed a petition for a writ of *habeas corpus* in federal district court, asserting claims for ineffective assistance of appellate counsel (and trial counsel), trial court error, and insufficient evidence. *Henley*, 2007 WL 4884107, at *4. The district court, adopting the Magistrate Judge's Report and Recommendation in part, dismissed the petition on February 5, 2008. The district court granted Henley a Certificate of Appealability ("COA") with respect to one issue: whether Henley's appellate counsel was constitutionally ineffective for failing to claim on direct appeal that his trial counsel rendered ineffective assistance by failing to object to his sentence under *Blakely* when Henley was sentenced several months after *Blakely* but before the Ohio Supreme Court applied that decision to the state's sentencing regime. *Henley v. Moore*, No. 07-cv-031, 2008 WL 341362, at *2 (S.D. Ohio Feb. 5, 2008). Henley timely appealed and we declined to expand the COA.

## II.

In a *habeas* case, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *Dyer v. Bowlen*, 465 F.3d 280, 283–84 (6th Cir. 2006). Under The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the writ may not issue unless the state court proceedings resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Under subsection (d)(1), "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its *dicta*, as of the time of the relevant state court decision." *Miller v. Francis*,

269 F.3d 609, 614 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Also, a state court unreasonably applies federal law if it "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412.

Henley argues that on direct appeal, his appellate counsel should have contended that his trial counsel was constitutionally ineffective by failing to raise *Blakely* at sentencing. Henley was "entitled to effective assistance of counsel in connection with [his] first appeal of right." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). To succeed on a claim of ineffective assistance of counsel, Henley must show: (1) counsel's performance was deficient; and (2) this deficient performance prejudiced him. *Nichols v. United States*, 563 F.3d 240, 248–49 (6th Cir. 2009) (*en banc*) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Deficient performance is prejudicial where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Appellate counsel cannot be ineffective "for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

We recently decided a case in a nearly identical procedural posture in *Benning v. Warden, Lebanon Correctional Institution*, 345 F. App'x 149 (6th Cir. 2009). In *Benning*, the petitioner was sentenced on September 22, 2004, three months after the Supreme Court decided *Blakely*. *Id.* at 156.

At that time, most Ohio appellate courts had concluded that *Blakely* did not affect the state's sentencing regime. *Id*. at 157. The Ohio Supreme Court ultimately applied *Blakely* on February 27, 2006, and severed the unconstitutional portions of the state's felony sentencing statutes. *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). The key question in *Benning* was "whether it was reasonable [for Benning's attorney] to fail to make a *Blakely* objection on September 22, 2004." 345 F. App'x at 157.

We held that Benning's trial counsel was not constitutionally ineffective because the "[t]he law was rapidly changing . . . and the impact of *Blakely* was far from certain" and, thus, "resolution of the issue was 'not clearly foreshadowed' at the time of trial." *Id*. (quoting *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999)). "Although prudent counsel would have preserved a *Blakely* claim under these circumstances, counsel's failure to anticipate that *Foster* would overrule binding [state intermediate appellate court] precedent was not constitutionally unreasonable." *Id*. Thus, Benning's case was not "one of those 'rare cases' for finding ineffective assistance because [trial counsel] failed to anticipate a development in the law." *Id*. (alteration in original) (quoting *Lucas*, 179 F.3d at 420). We concluded, "Because trial counsel was not ineffective, it follows that appellate counsel cannot be ineffective for failing to raise ineffective assistance of trial counsel on direct appeal." *Id*. Ultimately, Benning was granted a conditional writ of *habeas corpus* directing Ohio to resentence or release him because his appellate counsel failed to raise *Blakely* on direct appeal. *Id*. at 159. By that time, Ohio courts had started to apply *Blakely* to invalidate sentences and we noted that "if [appellate] counsel had briefed the *Blakely* issue, Benning would have been entitled to a remand for resentencing under *Foster*." *Id*. at 158.

The procedural posture of this case, especially the timing of Henley's sentencing, is indistinguishable from *Benning* and the reasoning of that case justifies affirming the district court here. Henley was sentenced on October 29, 2004, a little more than a month after Benning was sentenced. As the *Benning* Court emphasized, Ohio courts did not begin applying *Blakely* to invalidate sentences until March 2005. *Id*. at 158. Indeed, as of Henley's sentencing, *Blakely* had not been applied by the Second Appellate District. In *State v. Sour*, the defendant was convicted of multiple counts of aggravated robbery and robbery and the trial judge sentenced him to consecutive sentences that resulted in an aggregate eighteen-year sentence. No. 19913, 2004 Ohio App. LEXIS 3689, at \*\*2 (Ohio Ct. App. July 30, 2004). The court "considered and rejected the possibility that [*Blakely*] might impact the propriety of Sour's sentence." *Id*. at \*\*3–4. In *Foster*, the Ohio Supreme Court cited *Sour* as one of the cases in which "[m]ost Ohio appellate courts have determined that *Blakely* is inapplicable" to the state's sentencing regime. 845 N.E.2d at 488 and n.82. Thus, as of the date of Henley's sentencing, Ohio sentencing law was in a state of flux and his trial counsel's failure to anticipate the application of *Blakely* in *Foster* did not constitute ineffective assistance of counsel.[1] Because his trial counsel was not ineffective, Henley's appellate counsel did not err by not raising the ineffectiveness of trial counsel on direct appeal.

**III.**

For the foregoing reasons, we affirm the district court's decision.

---

[1]This case is unlike *Benning* only in that Henley's appellate counsel *did* make a *Blakely* claim on direct review, albeit unsuccessfully. *Henley*, 2005 Ohio App. LEXIS 5531, at \*\*22. However, the conduct of appellate counsel on that issue is not before us now.

No. 08-3288
*Henley v. Brunsman*

MERRITT, Circuit Judge, dissenting. We do not need to rely on the habeas statutory language to know that the federal law in habeas cases is "determined by the Supreme Court of the United States" and must be followed by state courts as well as federal courts after the Supreme Court speaks. 28 U.S.C. § 2254(b)(1). We learned this simple principle the first year in law school. Unfortunately, the majority resists applying it in this case.

Thus, the majority holds that it was not ineffective assistance of counsel when Henley's lawyer failed to raise and rely on *Blakely v. Washington*, decided four months before Henley was sentenced. The application of the *Blakely* case would have forbidden the Ohio courts from using the "sexual predator" designation to enhance the sentence because the jury in *Henley's* case had not so found. Its *Blakely* application would have significantly reduced Henley's 22-year sentence. Henley's counsel was guilty of ineffective assistance of counsel for not raising it in order to protect his client from an unnecessarily long sentence.

I disagree with the majority that the new rule of *Blakely* runs in favor of Henley only after the date on which the Ohio courts recognized and applied it in their sentencing scheme rather than after *Blakely* itself was decided. Henley's counsel had a clear duty to raise *Blakely* at sentencing and was ineffective for failing to do so. We should not need to be reminded of the elementary principle that generally we may not "require attorneys to foresee changes in the law [but] once a change — particularly an important and relevant change — does come about, we do expect counsel to be aware of it." *Ballard v. United States*, 400 F.3d 404, 408 (6th Cir. 2005) (holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), must be immediately applied and the failure of counsel to raise the issue on appeal was ineffective assistance of counsel). *Blakely* was an important change for it

-7-

ameliorates unnecessarily long sentences based on an authoritarian judge's sentencing enhancement policies. It gives the defendant the right to a jury trial on the elements of the crime that produce his sentence. Our court should not resist applying very clear law in an unpublished opinion based on another unpublished opinion that was simply wrongly decided.